RECEIVED
IN ALEXANDRIA, LA
JUL 15 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| ISRAEL SANTIAGO-LUGO,<br>　　　　Petitioner | CIVIL ACTION<br>SECTION "P"<br>NO. CV04-0993-A |
| VERSUS | |
| ROBERT M. TAPIA,<br>　　　　Respondent | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

## SUPPLEMENTAL REPORT AND RECOMMENDATION

Santiago-Lugo filed a habeas petition pursuant to 28 U.S.C. § 2241, on May 20, 2004, challenging his 1996 convictions by a jury in the United States District Court for the District of Puerto Rico, No. 3:95CR00029-001, for conspiring to possess cocaine base, cocaine, heroin, and marijuana with intent to distribute, engaging in a continuing criminal enterprise, and engaging in monetary transactions in criminally derived property. Petitioner is presently serving a sentence of life imprisonment in the United States Penitentiary in Pollock, Louisiana. U.S. v. Santiago-Lugo, 167 F.3d 81 (1st Cir. 1999).

Santiago-Lugo's habeas petition is currently before the undersigned Magistrate Judge for supplemental report and recommendation pursuant to an order by the District Judge (Doc. Item 35).

Santiago-Lugo contends his conviction for a continuing criminal enterprise ("CCE") pursuant to 21 U.S.C. §848, constitutes

a conviction for a non-existent offense because the jury did not agree as to which predicate violations made up the elements of the CCE offense.

## Law and Analysis

Section 2255 provides the primary means of collaterally attacking a federal conviction and sentence. Relief under Section 2255 is warranted for errors that occurred at trial or sentencing. Jurisdiction over a Section 2255 motion lies in the sentencing court. Lee v. Wetzel, 244 F.3d 370, 373 (5th Cir. 2001). In this case, that would be the Puerto Rico district court.

Section 2241 is correctly used to attack the manner in which a sentence is executed. Jurisdiction over a Section 2241 petition lies in the district where the petitioner is incarcerated. Lee, 244 F.3d at 372. A petition filed under Section 2241 which attacks error that occurred at trial or sentencing is properly construed as a Section 2255 motion. Jeffers v. Chandler, 253 F.3d 827, 829 (5th Cir. 2001), cert. den., 122 S.Ct. 476 (U.S. 10/29/2001).

Nevertheless, a Section 2241 petition which attacks custody resulting from a federally imposed sentence may be entertained when the petitioner can satisfy the requirements of the so-called "savings clause" in Section 2255. That clause states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him or that such court has denied him relief, unless it also

2

appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

Jeffers, 253 F.3d at 829. Also, Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000).

A Section 2241 petition is not a substitute for a motion pursuant to Section 2255, and the burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under Section 2255 rests squarely on the petitioner. A prior unsuccessful § 2255 motion, or the inability to meet AEDPA's "second or successive" requirement, or other gate-keeping requirements, does not make § 2255 inadequate or ineffective. See Jeffers, 253 F.3d at 829; Tolliver v. Dobre, 211 F.3d 876, 878 (5th Cir. 2000).

The factors that must be satisfied for a petitioner to file a Section 2241 petition pursuant to Section 2255's savings clause are: (1) the petitioner's claim must be based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense; and (2) the claim must have been foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first Section 2255 motion. Jeffers, 253 F.3d at 829-830, citing Reyes-Requena v. United States, 243 F.3d 893 (5th Cir. 2001). The first factor requires that a retroactively applicable Supreme Court decision establish that the petitioner is "actually innocent," or convicted for conduct that did not constitute a

3

crime. The core idea is that the petitioner may have been imprisoned for conduct that was not prohibited by law. Jeffers, 253 F.3d at 830, citing Reyes-Requena, 243 F.3d at 903-904.

In the case at bar, the court with jurisdiction over a Section 2255 motion by Santiago-Lugo is clearly the court of conviction in Puerto Rico. However, Santiago-Lugo has declined to have his Section 2241 petition re-characterized as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. Item 34). Moreover, Santiago-Lugo has not alleged that he is bringing his Section 2241 proceeding under the savings clause of Section 2255 in order to attack his federal conviction in this court, nor has he made any attempt to show that he meets the requirements for such a claim; he has not alleged any Supreme Court decision that is retroactively applicable on collateral review and shows he is "actually innocent" of the continuing criminal enterprise offense.

As stated in the Report and Recommendation filed on March 18, 2005 (Doc. Item 16), Santiago-Lugo's claims are not properly brought under Section 2241 and this court lacks jurisdiction to consider his claims under Section 2255. Therefore, Santiago-Lugo's habeas petition attacking his federal conviction should be dismissed.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Santiago-Lugo's habeas petition be DENIED AND DISMISSED WITH

4

PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 14th day of July, 2005.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE